IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Rental Service Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 1:06-970-MBS |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| J. David Nunamaker II and Southern | ) | |
| Rentals and Sales, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Plaintiff Rental Service Corporation ("RSC") filed this action on March 24, 2006, alleging a breach of an employment agreement ("Agreement") by its former employee, Defendant David J. Nunamaker II ("Nunamaker").[1] On March 24, 2006, RSC also moved the court for a preliminary injunction pursuant to FED. R. CIV. P. 65 to prohibit Defendants from soliciting RSC's customers for a period of six months. The motion is supported by the complaint, motion for preliminary injunction and memoranda in support thereof, as well as the affidavits of Michael Gore, Robert Pope, and Reggie Still. On April 27, 2006, the court, pursuant to FED. R. CIV. P. 65(a)(2), consolidated the trial on the merits in the captioned matter with RSC's motion for a preliminary injunction. The court conducted a hearing on May 1, 2006, for oral argument on the entry of a permanent injunction.

---

[1] RSC also named Nunamaker's new company, Southern Rentals and Sales, LLC ("Southern Rentals and Sales"), as a defendant in the captioned action. RSC has not alleged that Southern Rentals and Sales was a party to the Agreement between RSC and Nunamaker. In light of the lack of contractual privity between RSC and Southern Rentals and Sales, Southern Rentals and Sales is hereby **dismissed**.

1

RSC is involved in the business of leasing construction equipment to industrial and residential customers. Nunamaker commenced his employment with RSC on or about June 9, 2003 as a district business development manager. As a condition of his employment, Nunamaker entered into the Agreement with RSC. In relevant part, the Agreement provided that

> [w]hile employed by Rental Service Corporation and for six (6) months after termination of that employment, Employee will not, directly or indirectly, call on, solicit, divert or take away from Rental Service Corporation or any of its affiliates (including by divulging information to any competitor or potential competitor of Rental Service Corporation) any person, firm, corporation, or other entity (a) who is a current customer or prospective customer of Rental Service Corporation or its affiliates and (b) to whom Employee provided services or otherwise solicited business on behalf of Rental Service Corporation within the twelve (12) months prior to the termination of employment.

Agreement, ¶ 3. The Agreement further provides that it "shall be construed and interpreted in accordance with the substantive laws of the State of Arizona." Id. ¶ 11.

Nunamaker terminated his employment with RSC in January 2006. Immediately thereafter, he and a business partner created Southern Rentals and Sales and opened for business in Aiken, South Carolina. Southern Rentals and Sales competes with RSC to the extent that it leases construction equipment to industrial and residential customers. Southern Rentals and Sales also engages in non-competitive conduct with RSC through its sale of construction equipment. RSC asserts that Nunamaker breached the Agreement by leasing construction equipment to former customers in violation of the non-solicitation provision of the Agreement.[2]

RSC contends that the non-solicitation provision enumerated in the Agreement is valid under Arizona law and should be enforced. Generally, choice of forum and choice of law provisions are presumptively valid and should be enforced. See The Bremen v. Zapata off-Shore Co., 407 U.S. 1

---

[2]  RSC's complaint alleges breaches of other provisions of the Agreement. These claims were abandoned by RSC at the May 1, 2006 hearing.

(1972). The presumption of validity is not absolute and may be overcome by a clear showing that the clause is "unreasonable under the circumstances." Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996)(quoting The Bremen, 407 U.S. at 10). The court may find a choice of law and forum selection provisions to be unreasonable "if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived on his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." Allen, 94 F.3d at 928 (4 th Cir. 1996) (quoting Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991)). Nunamaker has not alleged enforcement of the choice of law provision would contravene a strong public policy of the state of South Carolina.

Under Arizona law, a restrictive covenant that is ancillary to a valid employment agreement and is not unreasonable in its limitations should be upheld in the absence of a showing of bad faith or of contravening public policy. Titus v. Superior Court, 368 P.2d 874 (Ariz. 1962). A covenant not to compete will be upheld under Arizona law if the covenant is necessary for the legitimate interest of the employer, reasonably limited in its operation with respect to time and place, not unduly harsh and oppressive in curtailing the legitimate efforts of the employee to earn a livelihood, and reasonable from the standpoint of public policy. Bed Mart, Inc. v. Kelley, 45 P.3d 1219, 1221 (Ariz. Ct. App. 2002). A non-solicitation provision technically is not a covenant not to compete under Arizona law because it does not restrict a former employee from engaging in his usual trade or profession. See Alpha Tax Services, Inc. v. Stuart, 761 P.2d 1073, 1075 (Ariz. Ct. App. 1988). As the Arizona Court of Appeals has noted, a non-solicitation agreement "is less restrictive than a covenant not to compete

and is designed to prevent former employees from using information learned during their employment to divert or to steal customers from the former employer." Id.

Nunamaker contends that the non-solicitation provision does not prohibit him from accepting unsolicited business from former RSC customers. Generally, a former employer has no recourse if it loses a current customer through no action taken by the former employee. See Hilb, Rogal, and Hamilton Co. of Arizona v. McKinney, 946 P.2d 464 (Ariz. Ct. App. 1997). Nunamaker contends that since he has not solicited business from RSC's customers, he has not violated the non-solicitation provision of the Agreement. The non-solicitation provision of the Agreement provides that Nunamaker "shall not directly or indirectly, call on, solicit, divert or take away" any of RSC's customers for a period of six months after terminating his employment. The express language of the non-solicitation provision prohibits the acceptance of unsolicited business from former RSC customers during the six month period because such conduct would "divert or take away" RSC's customers. As such, Nunamaker's position is without merit.

Nunamaker admitted during his oral testimony that he retained addresses and contact information for RSC customers with his other business contacts in his personal digital assistant ("PDA"). Nunamaker also admitted that he did not erase RSC customer data from his PDA when he terminated his employment in January 2006. Nunamaker testfied that he advised the community of the sales aspect of his business but contends that he did not actively solicit rental business from RSC customers. Nevertheless, based on his general advertisement, at least one former RSC customer contacted Nunamaker for services and is currently leasing construction equipment from Southern Rentals and Sales. By actively soliciting sales business and then offering rental business to RSC

customers when they inquire, Nunamaker is "divert[ing] or tak[ing] away" RSC's customers in contravention of the express language of the non-solicitation provision of the Agreement.

Based upon the pleadings, documentary evidence presented at the hearing, and Nunamaker's admissions, the court concludes that Nunamaker has breached the non-solicitation provision of the Agreement. RSC alleges that it lacks an adequate remedy at law and that injunctive relief is appropriate. The court finds that RSC is entitled to injunctive relief for the following reasons:

A.  RSC has suffered harm to its proprietary information, customer relationships, business, goodwill and reputation from Nunamaker's breaches of the Agreement, and it will continue to suffer such harm if the injunction is denied;

B.  The harm to Nunamaker is limited because the Agreement does not prevent him from engaging in any activity other than those which violate the Agreement;

C.  Nunamaker's restrictive covenants are necessary to protect RSC's legitimate business interests, ancillary to a lawful contract, reasonably limited with respect to time and place, and not unduly harsh and oppressive; and

D.  Public interest supports the issuance of an injunction to enforce agreements voluntarily entered into by parties, and to protect RSC's proprietary information, customer relationships, business, goodwill and reputation during the course of this litigation.

Therefore, the court issues a permanent injunction requiring:

1.  For six (6) months from the date of the entry of this order, Nunamaker and any person or entity acting in concert with him, will immediately cease calling on, soliciting, diverting, engaging in equipment rental business with, or taking away from RSC any person, firm, corporation, or other entity (a) who is a current customer or prospective customer of RSC and (b) to whom

Nunamaker provided services or otherwise solicited business on behalf of RSC within the twelve (12) months prior to the termination of Nunamaker's employment. The requirements of this paragraph prohibit only those activities that involve the rental or prospective rental of construction or construction-related equipment;

2. For six (6) months from the date of the entry of this order, Nunamaker and any person or entity acting in concert with him will immediately cease soliciting or recruiting any employee of RSC for employment with Southern Rentals and any other entity that rents or leases construction or construction-related equipment;

3. Nunamaker and any person or entity acting in concert with him are not to use, disclose or permit any unauthorized person access to, any confidential information belonging to RSC of which Nunamaker acquired knowledge during and on account of his relationship with RSC;

4. Nunamaker and any person or entity acting in concert with him are to deliver to RSC all memoranda, notes, records, drawings, manuals or other documents (as that term is defined in the Federal Rules of Civil Procedure), and all copies thereof, concerning confidential information or trade secrets that are in their possession, whether made or compiled by Nunamaker or furnished to Nunamaker by RSC; and

5. This order applies to and is binding upon any of Nunamaker's agents, and/or representatives, as well as anyone else they may direct.

For the foregoing reasons, RSC's prayer for injunctive relief is **granted** as to David J. Nunamaker II.  RSC's claim against Southern Rentals and Sales, LLC is **dismissed**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 13, 2006

7